# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN W. LITTLE,
       Appellant,

      v.

DEPARTMENT OF THE NAVY,
      Agency.

DOCKET NUMBER
SF-0752-16-0607-I-1

DATE: October 19, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John W. Little</u>, Bremerton, Washington, pro se.

<u>Eric M. Pederson</u> and <u>Alan Mygatt-Tauber</u>, Silverdale, Washington, for the
    agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which
sustained his indefinite suspension. Generally, we grant petitions such as this one
only in the following circumstances: the initial decision contains erroneous
findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        As further detailed in the initial decision, the appellant holds the noncritical sensitive position of Mechanical Engineer for the agency's Naval Facilities Command, Northwest. Initial Appeal File (IAF), Tab 21, Initial Decision (ID) at 3. In 2014, his security clearance expired, 10 years after issuance. *Id.* While reinvestigation of his security clearance commenced, the agency permitted him to continue accessing controlled areas. *Id.* However, in May 2016, while the reinvestigation was still pending, the agency proposed suspending his access to classified information and areas, and assignment to sensitive duties, based on the results of a psychological/psychiatric evaluation and the appellant's conduct. ID at 3-4; IAF, Tab 7 at 25-33, Tab 12 at 6. After the appellant responded, the agency issued a decision suspending his access. ID at 4. The agency then proposed the appellant's indefinite suspension for failure to meet a condition of his employment, specifically, access to classified information and assignment to a sensitive position. *Id.* After the appellant responded both orally and in writing to the proposal, the agency issued a decision upholding the indefinite suspension, effective June 23, 2016, pending a final clearance determination from the Department of Defense Consolidated Adjudication Facility. ID at 4-5, 12; IAF, Tab 7 at 13-16. The instant appeal followed. IAF, Tab 1.

¶3        The administrative judge informed the appellant of the Board's limited authority to review matters relating to security clearance determinations.  *E.g.*, IAF, Tab 9 at 2.  She limited the issues for hearing accordingly.  IAF, Tab 12 at 2-3; ID at 5.  The administrative judge then issued a decision affirming the appellant's indefinite suspension.  ID at 5-13.  The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.[2]  The agency has filed a response.  PFR File, Tab 3.

¶4        An indefinite suspension lasting more than 14 days is an adverse action appealable to the Board under 5 U.S.C. § 7513(d).  5 U.S.C. § 7512(2); *Palafox v. Department of the Navy*, 124 M.S.P.R. 54, ¶ 8 (2016).  It is well settled that an agency may indefinitely suspend an appellant when his access to classified information has been suspended and he needs such access to perform his job.  *Palafox*, 124 M.S.P.R. 54, ¶ 8.  In such a case, the Board lacks the authority to review the merits of the decision to suspend access.  *Id.*  However, the Board retains the authority to review whether:  (1) the appellant's position required access to classified information; (2) his access to classified information was suspended; and (3) he was provided with the procedural protections specified in 5 U.S.C. § 7513.  *Id.*  In addition, the Board has the authority under 5 U.S.C. § 7701(c)(2)(A) to review whether the agency provided the procedural protections required under its own regulations.  *Id.*  Finally, because a tenured Federal employee has a property interest in continued employment, the Board also may consider whether the agency provided minimum due process in taking the indefinite suspension action.  *Id.*

---

[2] With his petition for review, the appellant attached a number of documents.  PFR File, Tab 1 at 10-28.  These documents are duplicates of ones provided below.  *Compare id.*, *with* IAF, Tab 3 at 26, Tab 7 at 25, Tab 11 at 13-14, 20-22, 35-39, Tab 16 at 42, Tab 17 at 15-30.  Evidence submitted on review that is already a part of the record below is not considered new.  *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980); 5 C.F.R. § 1201.115.

¶5     On review, the appellant first argues that the agency ordered him to undergo a mental health evaluation, and that amounted to a prohibited personnel practice under 5 U.S.C. § 2302(b)(2).  PFR File, Tab 1 at 4; *see* IAF, Tab 6 at 7, Tab 11 at 2, 4; *see generally Mattison v. Department of Veterans Affairs*, 123 M.S.P.R. 492, ¶ 11 (2016) (recognizing that section 2302(b)(2) "relates to statements or recommendations by outsiders, like senators or congressmen; the legislative objective was to forestall political or partisan interference in personnel actions" (quoting *Depte v. United States*, 715 F.2d 1481, 1484 (Fed. Cir. 1983), *overruled on other grounds by Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376 n.4 (Fed. Cir. 1999)).  This allegation falls outside the Board's limited authority in the context of this appeal, as described above.  *Supra* ¶ 4; *see Doe v. Department of Justice*, 121 M.S.P.R. 596, ¶ 10 (2014) (finding that the Board is not permitted to adjudicate affirmative defenses of discrimination or reprisal in the context of an agency's adverse action premised on the suspension or revocation of a security clearance).  Because section 2302(b)(2) does not provide an independent source of Board jurisdiction, we are without authority to consider this alleged prohibited personnel practice further.  *See Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867 (D.C. Cir. 1982).

¶6     The appellant next argues that the agency failed to comply with the procedural requirements set forth in its Personnel Security Program, SECNAV M-5510.30, by not providing timely notification of its determinations.  PFR File, Tab 1 at 5 (referencing IAF, Tab 17 at 29).  This argument relies on the following agency policy:  "Whenever a determination is made *to suspend access to classified information* . . . [t]he individual concerned must be notified of the determination in writing within 10 days."  IAF, Tab 17 at 29 (emphasis added).  Here, the agency met that requirement.  The agency proposed the suspension of the appellant's access on May 9, he responded on May 13, and the agency issued its written decision suspending his access that same day.  IAF, Tab 7 at 23, 25,

Tab 12 at 6. The appellant is suggesting that the agency's other determinations were similarly subject to this 10-day time limit, including the agency's earlier decision to place him on administrative leave and subsequent decision to indefinitely suspend him. PFR File, Tab 1 at 5. We disagree. The 10-day notice requirement in SECNAV M-5510.30 is specific to the suspension of access to classified information.

¶7    The appellant also argues that he was entitled to reassignment during his security clearance investigation, pursuant to SECNAV M-5510.30. PFR File, Tab 1 at 5 (referencing IAF, Tab 17 at 28). This argument similarly misconstrues agency policy. The cited policy states, "[w]hen questionable or unfavorable information becomes available concerning an individual who has been granted access to classified information or assigned to sensitive duties . . . [c]ommanding officers will determine whether . . . to suspend or limit an individual's access to classified information, *or* reassign the individual to non-sensitive duties pending a final [clearance determination]." IAF, Tab 17 at 28 (emphasis added). The plain language of this policy demonstrates that reassignment is a discretionary option, not a requirement. There is simply no basis for us to conclude that reassignment was required during his period of suspended access. *See Palafox*, 124 M.S.P.R. 54, ¶ 8 n.1, ¶ 11 (referring to SECNAV M-5510.30 and upholding an indefinite suspension based on the suspension of access to classified information, despite arguments concerning the possibility of reassignment).

¶8    In addition to the aforementioned arguments, the appellant seems to assert that his indefinite suspension did not meet the efficiency of the service requirement of 5 U.S.C. § 7513 because he had a history of good performance. PFR File, Tab 1 at 6. We disagree. It is well settled that, when an adverse action is based on the failure to maintain a security clearance—or in this case, the failure to maintain eligibility to access classified information and assignment to a sensitive position—the adverse action promotes the efficiency of the service because the absence of a properly authorized security clearance is fatal to the job

entitlement.  *See Grimes v. Department of Justice*, 122 M.S.P.R. 36, ¶ 14 (2014). The appellant also identifies what he describes as a number of "discrepancies" in the administrative judge's decision.  PFR File, Tab 1 at 5-8.  For example, the appellant suggests that the initial decision erroneously identified his place of employment in 2004, when he first received his security clearance.  *Id.* at 5-6.  In another example, the appellant suggests that the administrative judge's decision misstates the access limitations signified by different color-coded badges used within the agency.  *Id.* at 6-8.  However, the appellant has not shown that any of these alleged errors or discrepancies warrants a different result.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (recognizing that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶9          Accordingly, we affirm the initial decision for the reasons set forth above.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.    5 U.S.C.  § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S.  ____ , 137 S. Ct. 1975 (2017).    If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                           /s/ for
                                      Jennifer Everling
                                      Acting Clerk of the Board
Washington, D.C.